JEROME B. ROBERTSON v. C. D. CATES ET AL.

No. 6258.

**Limitation—When it Begins to Run.**—Suit was filed August 17, 1885, upon a promissory note as follows: "Six months after date I promise to pay to Jerome B. Robertson or order two hundred and twenty-four dollars, with interest at the rate of ten per cent per annum from date, this June 24, 1875. This note is given in part payment for a tract of land this day conveyed to Chas. D. Cates by Jerome B. Robertson, by his agent J. W. Colbert, and is to become due when a proper chain of title from the State to Jerome B. Robertson is placed upon the records of Wise County." It was alleged that it was understood between the parties, Robertson and Cates, the maker of the note, that it was to be payable when the chain of title should be placed on record as stated in the note, and that such title had been so filed August 7, 1885. *Held*, error to sustain exceptions to the petition on grounds of limitation.

ERROR from Wise. Tried below before Hon. F. E. Piner.
The opinion states the case.

*Carswell & Fuller*, for plaintiff in error. — 1. The instrument sued

upon is not a promissory note but a contract for the sale of land, and the four years statute of limitations does not apply.

2. If the instrument sued on is a promissory note it would not become due absolutely at the expiration of six months from its date, but the plaintiff would be entitled to a reasonable time from its execution within which to put the chain of title upon record, and the said note would not become due till the expiration of such reasonable time; and the plaintiff having in his petition alleged that it was at the instance of said Cates that he failed sooner to put upon record said chain of title, the plea of the statute of limitation did not apply, the said Cates having waived the question of time, and the special exception of said defendant should not have been sustained.

*Charles Soward,* for defendants in error. — 1. The instrument sued upon is a promise to pay a sum certain at six months after the date thereof, and the same was to become due earlier provided the proper chain of title to the land referred to should be placed upon record in Wise County. It was absolutely due six months after date, and the statute began to run from that date. 1 Dan. on Neg. Inst., secs. 43, 44; Stephens v. Blount, 7 Mass., 240; Goodloe v. Taylor, 3 Hawks, 458; Ernest v. Steckman, 74 Pa. St., 13; Cidne v. Chidester, 85 Ill., 523; Walker v. Woollen, 54 Ind., 164; Woollen v. Ulrich, 64 Ind., 120; Noll v. Smith, 64 Ind., 5–11.

2. There is no ambiguity about the contract sued upon. It is a promise to pay a sum certain in six months after date thereof, and was to become due (sooner) when a proper chain of title was put upon record in Wise County. The maturity of the note was fixed at six months from date absolutely. It was not an agreement that the note was not to become due until a proper claim of title was put upon record. Anything that C. D. Cates might have said about putting a chain of title on record could not affect the maturity of the note unless plaintiff had alleged a subsequent promise in writing to pay, which he has not done. Rev. Stats., art. 3219.

ACKER, PRESIDING JUDGE.—This suit was instituted on the 17th day of August, 1885, by plaintiff in error against C. D. Cates, Mary E. Hale, Roena T. Cates, and R. R. McDaniel, upon the following promissory note, set out in the petition:

"$224.00. Six months after date I promise to pay to Jerome B. Robertson or order two hundred and twenty-four dollars, with interest at the rate of ten per cent per annum from date, this June 24, 1875. This note is given in part payment for a tract of land this day conveyed to Chas. D. Cates by Jerome B. Robertson, by his agent J. W. Colbert, and is to become due when a proper chain of title from the State to Jerome B. Robertson is placed upon the records of Wise County.

"CHAS. D. CATES."

It was alleged that the note had been executed to plaintiff by Cates as part of the purchase money for a tract of land sold by plaintiff to Cates, the deed to Cates reciting the note as a part of the consideration; that the other defendants were in possession of parts of the land, claiming it; that they had full notice of the existence of the note and plaintiff's lien when they went into possession of the land; that it was understood between plaintiff and Cates that the note was to become due when a proper chain of title from the State to plaintiff was placed by plaintiff upon the records of Wise County; that on the 7th day of August, 1885, plaintiff placed upon the record of Wise County a proper chain of title from the State to him for the land; that plaintiff owned the certificate by virtue of which the land conveyed to Cates was located, but the transfer of the certificate from the original grantee to him was lost before it was returned to the General Land Office, and the land was patented in the name of the original grantee; that after the conveyance to Cates and the execution of his note, and ever since then, Cates declared that all he wished was a conveyance from the original grantee or his heirs, and that it was immaterial when plaintiff procured the same; that he would pay off the note whenever such conveyance was placed upon record; that if plaintiff has been guilty of any laches it was because of the statements and representations of defendant Cates that it was immaterial to him when the condition of said note was complied with by placing the chain of title upon record.

By special exception No. 2 defendant Cates set up "that said original petition shows upon its face that the pretended cause of action of plaintiff set out in said petition is long since barred by the statute of limitation."

The exception was sustained, and plaintiff declining to amend, the suit was dismissed and judgment rendered against him for costs, from which he prosecutes this writ of error.

The only assignment of error is: "The court erred in sustaining the special exception No. 2 of defendant C. D. Cates."

For the purpose of testing the demurrer the allegations of the petition are to be taken as proved. The contract sued on must be construed in accordance with the intent of the parties thereto as that intent is disclosed by the language of the instrument. The construction placed upon the contract by the averments of the petition is not at all inconsistent with the ordinary signification of the language employed in expressing the contract. The note reads first to become due absolutely at six months, and then to become due when the chain of title is placed upon the record. Cates certainly intended to acquire the title to the land, and Robertson intended that he should do so, otherwise he would not have accepted a note for the purchase money which he could not enforce payment of until he had procured and placed upon record the title. It appears from the petition that the note was not to become due according to the intent of

the parties until the chain of title was placed upon the record, which was done ten days before the suit was brought, and it also appears that the delay in placing the title upon the record was with the consent and acquiescence of the defendant Oates.

We think the cause of action set out in the petition was not barred and that the court erred in so holding.

We are of opinion that the judgment of the court below should be reversed and the cause remanded.

*Reversed and remanded.*

Adopted June 18, 1889.